# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

IN RE:     DAVID J. CHABOT,

                  DEBTOR

Bankruptcy File No. 10-38591
Adversary File No. _____

DAVID J. CHABOT,

                  PLAINTIFF

COMPLAINT TO RECOVER PREFERENCE

v.

DICKINSON FINANCIAL, LLC
                  DEFENDANTS

NOW, comes forth the Plaintiff and for her cause of action against Defendant states and alleges as follows:

1. This case was commenced by Plaintiff on December 1, 2010, by filing a voluntary petition under Chapter 7 of Title 11 of the United States Code.
2. This complaint is filed pursuant to 11 U.S.C. §522(h), to set aside a transfer of debtor's exempt property to Defendant, Dickinson Financial, LLC. This Court has jurisdiction over this proceeding under 28 U.S.C §1334.
3. Within ninety (90) days prior to the commencement of this case, Defendant caused to be issued a garnishment of debtor's wages.
4. Pursuant to this garnishment from debtor's wages, Defendant collected One Thousand Five Hundred Eighty One and 72/100 Dollars ($1,581.72).
5. The debt owed to Defendant was an antecedent debt.
6. The Debtor was insolvent during the ninety (90) days prior to the commencement of this case.

1

7. The debtor could have exempted those funds in this case had they been recovered by the Trustee as a preference under 11 U.S.C §547; and the debtor did exempt said funds in his bankruptcy.
8. The Trustee has not attempt to avoid the transfer.
9. The aforesaid transfer to Defendant was not voluntary nor did the Debtor conceal any property.
10. The transfer to Defendant on account of the antecedent debt to it, while the Debtor was insolvent, enabled Defendant to receive more that it would have received if the transfer had not been made, since the Defendant would have received no dividend in the Debtor's bankruptcy case.
11. Debtor has demanded that said funds be returned to debtor and Defendant has refused to comply. Defendants failure to return debtor's exempt asset is intentional and in bad faith, entitling Plaintiff to attorney's fees.

## PRAYER FOR RELIEF

WHEREFOR, the Plaintiff prays for judgment against Defendant ordering it to return the One Thousand Five Hundred Eighty One and 72/100 Dollars ($1,581.72) obtained by it as described above and pay reasonable costs including actual costs and attorney fees.

PATTON, HOVERSTEN & BERG, P.A.

Date: 1/5/11

Perry A. Berg (#135999)
Attorneys for Plaintiff
215 Elm Avenue East
P.O. Box 249
Waseca, MN 56093
(507) 835-5240